UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| BRENDA K. TWINER, § | | |
| Plaintiff § | | |
| § | | |
| VS. § | | CASE NO. 1:12-CV-238 |
| § | | |
| § | | |
| CAROLYN W. COLVIN, § | | |
| Commissioner of Social Security[1] § | | |
| Defendant. § | | |

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This matter has been referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on August 5, 2014 (Doc. No. 19), and the Plaintiff's objections (Doc. No. 20). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. See Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit. Therefore, the court **ACCEPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits.

In her objections, Twiner repeats her initial claim that the Appeals Council and the ALJ

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C § 405(g), she is automatically substituted as a party.

1

erroneously rejected and weighed her treating nurse's opinion evidence, and objects that the magistrate judge engaged in impermissible *post hoc* justification when he recommended that the Appeals Council's consideration and the ALJ's weighing of this evidence be affirmed. Twiner complains that the magistrate judge provided reasons to affirm the ALJ's decision which the ALJ never discussed. Specifically, Twiner argues that the magistrate judge found that Nurse Edge's opinion was contradicted by the opinions of Dr. Singh and Dr. Clark, but this was never specifically asserted by the ALJ as a rationale for giving her opinion little weight. (Doc. No. 20. p. 3.)

In his administrative opinion denying Twiner's claim for benefits, ALJ Whitney stated that he considered the opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and Social Security Rulings 96-2p (Giving Controlling Weight to Treating Source Medical Opinions), 96-5p (Medical Source Opinions on Issues Reserved to the Commissioner), 96-6p (Consideration of Administrative Findings of Fact by State Agency Medical Consultants), and 06-3p (Acceptable Medical Sources). ALJ Whitney discussed Dr. Clark and Dr. Singh's medical findings then stated that he concurred with the opinions of Dr. Singh and the state disability determination services consultants, as opposed to Nurse Edge to whom he gave little weight. (Tr. 26-27.)

In specifically discussing Nurse Edge's opinion, ALJ Whitney stated that he gave her opinion little weight because she is not an "acceptable medical source." (Tr. 26.) The magistrate judge discussed in detail why Nurse Edge is not an acceptable source and the requirements in considering the opinion of a non-acceptable medical source. While an ALJ should consider the opinion of a non-acceptable medical source, he is not required to evaluate it in the same manner as an acceptable source. S.S.R. 06-03p, 2006 WL 2329939 (Aug. 9, 2006); see also Thibodeaux v. Astrue, 324 F. App'x 440 (5th Cir. 2009) (holding that ALJ did not err by failing to perform a detailed analysis of

a therapist's opinion under 20 C.F.R. § 404. 1527(d)(2)); Porter v. Barnhart, 200 F. App'x 317, 319 (5th Cir. 2006) (holding ALJ did not err by failing to consider the opinion of a chiropractor because he was not an acceptable medical source); Hayes v. Astrue, No. 3:11-CV-1998-L, 2012 WL 4442411, at *3 (N.D. Tex. Sept. 26, 2012) (explaining that "the ALJ was not required to give [a nurse's] opinions any weight" because she was "not an 'acceptable medical source' ").

The magistrate judge found that Nurse Edge was a non-acceptable medical source and that the ALJ's decision reflected that he considered her opinion and explained the weight given, which was all that he was required to do. (Doc. No. 19, p. 12.) No analysis of the six evaluation factors under 20 C.F.R. 416.927 (used for treating physicians) is required for a non-acceptable medical source. This is a sufficient basis to affirm the decision of the ALJ on that alleged point of error.

The magistrate judge then took it one step further and explained the reasons why the decision would remain the same even if Nurse Edge's opinion were treated the same as a treating physician. Although ALJ Whitney did not specifically state that Nurse Edge's opinions contradicted Dr. Singh's opinions, he noted Nurse Edge's findings that Twiner could never perform postural activities and was limited in all manipulative functions. Conversely, ALJ Whitney pointed out Dr. Singh's different findings that Twiner was able to semi-squat and sit as a work activity, she had grip strength 5/5 bilaterally and the normal ability to reach, handle, finger, and feel with both hands. These are contradicting opinions. The task of weighing the evidence is solely within the province of the ALJ, and the relative weight to be given to the evidence is within the ALJ's discretion. Chambliss v. Massanari, 269 F.3d 520, 523 (5th Cir. 2001). Moreover, this was an alternative analysis provided by Magistrate Judge Hawthorn to show why remand would be inappropriate even if Nurse Edge's opinion were analyzed the same as a treating source. Therefore, remand is inappropriate.

3

Accordingly, the Plaintiffs objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**SIGNED** this the **22** day of **August, 2014.**

_____
Thad Heartfield
United States District Judge